Sean W. Scoggin, Wyo. #6-3263
Williams, Porter, Day & Neville, PC
P.O. Box 748
Cheyenne, WY 82003-0748
307-637-5575
307-637-5515-fax
sscoggin@wpdn.net
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BRANCH SIX CONSULTING INTERNATIONAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CSG USA, INC., BLAIR JENKINS, in his individual capacity and as Director of CSG USA, INC. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff, Branch Six Consulting International, LLC, by and through its attorney, Sean W. Scoggin, Williams, Porter, Day & Neville, PC, and for its cause of action against Defendants, states, alleges and avers as follows:

### I.
### PARTIES

1. Branch Six Consulting International, LLC (hereafter "Plaintiff") is and at all times relevant herein a limited liability company formed under the laws of the State of Wyoming with a registered business address of 30 N. Gould Street, Suite R, Sheridan, Wyoming 82801.

2. Upon information and belief, at all times relevant herein, Defendant CSG USA, Inc. is a corporation existing under the laws of the State of Virginia and its current business address

is 14507 King Mill Way, Culpeper Virginia 22701.

3. Upon information and belief, Blair Jenkins was at all times relevant herein the Director of Defendant, CSG USA, Inc. in the State of Virginia.

4. At all times herein, Defendant Jenkins acted as Director of CSG USA, Inc. as well as in his individual capacity and should be held personally liable for those actions he took in his individual capacity.

## II.
## JURISDICTION AND VENUE

5. Plaintiff incorporates and adopts by reference all the facts and allegations contained in paragraphs 1 through 4 above.

6. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332 as diversity exists between all parties to this civil action. Upon information and belief, Plaintiff reasonably believes that no change in citizenship of the parties has occurred since the commencement of this action.

7. Venue is proper in this Court as the subject contracts and agreements at issue all took place in the State of Wyoming.

8. Jurisdiction in this Court is also proper as the Plaintiff seeks damages in excess of $75,000.00.

## III.
## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9. Plaintiff incorporates and adopts by reference all the facts and allegations contained in paragraphs 1 through 8 above.

10. During the Fall of 2020, Plaintiff submitted a purchase order for 6 million rounds of ammunition from the Defendants with the intent to re-sell the same. The Plaintiff agreed to pay Defendant CSG USA, Inc. and the Defendants agreed to provide said ammunition to the

Plaintiff for re-sale.

11. During October, 2020, the Plaintiff made a deposit to the Defendants in the amount of Three Hundred Fifteen Thousand Dollars ($315,000) and the Defendants acknowledged receipt of said deposit.

12. The first delivery of said ammunition was scheduled to be delivered by the end of December, 2020, however delivery was not made by the Defendants.

13. The failure to deliver was confirmed by Defendants through an apology and promise that the situation would be remedied immediately.

14. The Defendants continued to delay in its legal obligations and those delays continued until May, 2021. At that time, Defendants promised that the ammunition was to ship by the end of May, 2021 and Plaintiff would receive the same shortly thereafter.

15. In reliance on these promises and the contractual obligations of the Defendants, Plaintiff pre-sold the ammunition to Nemo Arms in Idaho. The total to be paid to Plaintiff by Nemo Arms was $2,760,000 with an initial deposit of $1,380,000 received by Plaintiff. The profit on the purchase price was to be $1,361,400. Defendants and their representatives were aware of this pre-sale.

16. On June 21, 2021, Defendants provided an explanation as to the status of the ammunition to Plaintiff, stating that the ammunition was ready for shipping in May, 2021 and the Defendants were just waiting export approval for the same that was expected at any time.

17. Despite these assurances and promises, Defendants continued to default on their obligations to the Plaintiff and on September 12, 2021, Plaintiff wrote formally to Defendants, requesting a written explanation of the situation.

18. Defendants unreasonably failed and refused to provide a written explanation of the

situation to Plaintiff.

19. On December 14, 2021, Plaintiff formally requested a return of the $315,000 deposit and cancellation of the Purchase Order.

20. Defendants failed and refused to return the deposit.

21. That Defendants breached their contract and agreement with the Plaintiff, causing Plaintiff damages as set forth below.

22. In addition to the above-listed breaches and default on the part of the Defendants, Defendant has breached additional agreements with Plaintiff.

23. That Defendants provided an estimate, Estimate #1034, attached hereto and incorporated herein by this reference for the sale of ammunition and arms. At that time, Defendant agreed to compensate Plaintiff 10% of the total sales arising from the Estimate for Plaintiff's work in assisting and securing the business therein.

24. On March 6, 2022, Defendant Jenkins, acting on behalf of Defendant CSG USA, Inc., confirmed the prior agreement that Defendants would compensate Plaintiff 10% of the total sales and receipts arising from Estimate #1034, as an origination fee.

25. On June 27, 2022, Defendant Jenkins, on behalf of Defendant CSG USA, Inc., offered to pay Plaintiff the sum of $52,841.00 as part of the agreement. The 10% of the total estimate was $528,410.00.

26. Plaintiff refused to accept the lesser amount and requested Defendants pay the amount agreed upon, $528,410.00.

27. To date, Defendants have failed and refused to properly compensate the Plaintiff.

28. That to date the Defendants have refused and failed to satisfy their obligations under to the Plaintiff.

## VI.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF- BREACH OF CONTRACT

29. Plaintiff incorporates and adopts by reference all the facts and allegations contained in Paragraphs 1 through 28 above.

30. The Defendants have contractual obligations to the Plaintiff as set forth hereinabove.

31. The Defendants have breached this duty and obligation when they have carelessly and intentionally failed to satisfy their contractual obligations and this breach of the contractual duty has caused financial injury to the Plaintiff.

32. As a direct and proximate result of this breach of contract on the part of Defendants as alleged herein, the Plaintiff has sustained damages as more particularly set forth below in the section of the Complaint entitled "Damages."

## V.
## PLAINTIFF'S SECOND CLAIM FOR RELIEF, UNJUST ENRICHMENT

33. Plaintiff hereby incorporates and adopts by reference the facts and allegations contained in paragraphs 1 through 32 above.

34. That Plaintiff performed its legal obligations to the Defendants and the Defendants have received benefit from and enriched by as set forth herein.

35. That Defendants have failed to fulfill their contractual obligations causing Plaintiff to incur additional expenses and debts.

36. As a direct and proximate result of this failure to pay the Plaintiff has suffered damages as more particularly set forth below in the section of the Complaint entitled "Damages".

## V.

## DAMAGES

37. Plaintiff incorporates and adopts by reference all the facts and allegations contained in Paragraphs 1 through 36 above.

38. As a result of the breach of the contractual duty and law by Defendants as described herein and as a direct and proximate result of these breaches, Plaintiff has sustained the following damages:

    a. Total contractual damages in an amount to be set forth at trial herein;

    b. Prejudgment interest and fees;

    c. Costs of this action, including, but not limited to attorney's fees and for other further relief as the court deems equitable and proper in the premises.

**WHEREFORE**, the Plaintiff requests the following relief:

1. Judgment against the Defendants for general damages in an amount consistent with the allegations contained herein and to be proven at trial.

2. Judgement against the Defendants for the liquidated damages as set forth herein.

3. Judgment against the Defendants for prejudgment interest for the liquidated damages.

4. Judgment against the Defendants for post-judgment interest.

5. Such other and further relief as the Court deems just and equitable.

[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

**DATED** this 19th day of January, 2023.

                                                SEAN W. SCOGGIN
                                                Wyoming Bar #: 6-3263
                                                Williams, Porter, Day & Neville, PC
                                                P.O. Box 748
                                                Cheyenne, WY 82003-0748
                                                307-637-5575
                                                307-637-5515-fax
                                                *Attorney for Plaintiff*